UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANHEUSER BUSCH, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:11-CV-1220-JAR |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss of National Union Fire Insurance Company of Pittsburgh, PA ("National Union") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim [ECF No. 12]. The Motion was fully briefed and oral argument was held on the Motion on December 14, 2011. For the reasons set forth below, the Motion will be denied.

### Background

This is an action for declaratory relief, breach of contract and vexatious refusal to pay regarding a claim of Plaintiff Anheuser Busch, Inc. ("A-B") under an umbrella excess liability insurance policy issued by National Union. The claim arises from a number of lawsuits filed against A-B in March 2003 for bodily injuries and deaths arising from a nightclub fire in Rhode Island.[1]

As alleged in A-B's Complaint, in 1994, National Union issued a policy of umbrella

---

[1] These lawsuits were consolidated into one action styled *Gray v. Derderian, et al.*, in the United States District Court for the District of Rhode Island, case number 04-312 ("underlying action").

"excess" liability insurance, policy number BE3091412 ("the Policy"), to A-B, which policy was renewed annually through July 1, 2003. The Policy is attached to the Complaint as Exhibit A (Doc. # 1-1). By its terms, coverage is provided under the Policy for "that portion of the ultimate net loss in excess of the retained limit." (Doc. #1-1, pages 8-9 of 52, page ID ## 14-15). The term "ultimate net loss" is defined as "the total sum which the Insured, or any company as its insurer, or both, become obligated to pay by reason of personal injury....claims, either through adjudication or compromise, and shall include....investigation and defense of claims." (Doc. #1-1, pages 13-14 of 52, page ID ## 19-20). The term "retained limit" is not defined in the Policy; however, under "Limit of Liability - Retained Limit", the Policy states in pertinent part:

> The Company shall be liable only for that portion of the ultimate net loss excess of the Insured's retained limit defined as ....
>
> (1) the total of the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance hereof, and the applicable limits of any other underlying insurance providing coverage to the Insured ....

(Doc. #1-1, page 9 of 52, page ID # 15).

The Policy's Schedule of Underlying Insurance identifies a comprehensive general liability policy issued by the Ins. Co. of North America[2] ("Underlying Primary Policy") and any renewals thereof, with a $2,000,000 limit of liability. (Doc. #1-1, page 3 of 52, page ID # 9).

A-B timely notified National Union of the underlying action and kept National Union fully informed throughout the defense and settlement of the action. The action was settled in 2010 for $5,000,000.

A-B notified National Union that its retained limit had been satisfied by its payment of

---

[2] Now known as the Pacific Employers Insurance Company.

approximately $8,000,000 in defense costs in connection with the underlying action. National Union denied coverage, taking the position that defense costs do not reduce or satisfy the retained limit under the terms of its Policy. After A-B paid $2,000,000 toward the underlying settlement, National Union paid the remaining $3,000,000 of the settlement sum.

**Legal Standard**

On a motion to dismiss for failure to state a claim, the pleadings are construed in the light most favorable to Plaintiff, and the allegations in the complaint must be taken as true. Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 445 (8th Cir.1995) (citing Ruge v. City of Bellevue, 892 F.2d 738, 739 (8th Cir.1989)); see also Ossman v. Diana Corp., 825 F.Supp. 870, 879–80 (D.Minn.1993) (and cases cited therein). The Court must resolve any ambiguities concerning the sufficiency of the claims in favor of Plaintiff, and give Plaintiff the benefit of "every reasonable inference" drawn from the "well-pleaded" facts and allegations in the Complaints. Ossman, 825 F.Supp. at 880 (quoting Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963)). Moreover, a motion to dismiss may only be granted if Plaintiff's complaint, together with the attachments thereto, does not state a claim for relief "that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Hamilton v. Palm, 621 F.3d 816, 817 (8th Cir.2010).

**Discussion**

In its Motion, National Union argues its coverage obligation under the Policy is triggered by the reduction and/or exhaustion of the Underlying Primary Policy, and not the mere payment of a sum of money, i.e., the $2,000,000 limit of liability. National Union argues that in order to determine the "retained limit" within its Policy, as well as what constitutes the "applicable" limit

of liability within the Underlying Primary Policy, the terms and conditions of the Underlying Policy must be considered. National Union has attached the Underlying Primary Policy to its Motion to Dismiss as Exhibit 1 (Doc. #12-1). A-B responds that National Union cannot rely on the Underlying Primary Policy that is not referenced in, attached to or "necessarily embraced" by its Complaint.

In considering a motion to dismiss, the Court may sometimes consider materials outside the pleadings, such as materials that are "necessarily embraced by the pleadings" and exhibits attached to the complaint. Sewell v. Vatterott Educational Centers, Inc., 2011 WL 2838112 (E.D. Mo. July 18, 2011)(citing Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003) (referring to writings that may be viewed as attachments to a complaint, such as the contracts upon which his claim rests) and Quinn v. Owen Fed. Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006) (citing Fed.R.Civ.P. 10(c) and noting that "written instruments attached to the complaint become part of it for all purposes.")). Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in plaintiff's complaint and central to plaintiff's claim. Venture Assoc's Corp. v. Zenith Data Sys., 987 F.2d 429, 431 (7th Cir. 1993).

In this case, the Court finds the Underlying Primary Policy is not sufficiently incorporated into the pleadings and is not, therefore, properly before the Court on National Union's Motion to Dismiss. A-B's claim concerns National Union's obligations under its Policy; the Underlying Primary Policy is not the contract in dispute. Further, National Union's Policy does not incorporate any of the underlying policies listed on the "Schedule of Underlying Insurance." The amount of the underlying limits of liability are specifically set forth in the National Union Policy; it is not necessary to refer to the Underlying Primary Policy itself for that information.

Taking A-B's allegations as true, the Court believes at this stage of the proceedings that A-B has stated a claim sufficient to withstand a motion to dismiss. It is not the function of the Court on a motion to dismiss, as opposed to a motion for summary judgment, to determine whether the movant is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that National Union's Motion to Dismiss [ECF No. 12] be **DENIED**.

Dated this 21st day of December, 2011.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE