# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANHEUSER BUSCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-1220-JAR |
| ) | |
| NATIONAL UNION FIRE INSURANCE ) | |
| COMPANY OF PITTSBURGH, PA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") Motions for Protective Order [ECF Nos. 50, 52] and Amended Motion for Protective Order [ECF No. 56] and Plaintiff Anheuser Busch, Inc.'s ("A-B") Motion to Compel Discovery [ECF No. 54]. The motions are fully briefed and oral argument was held on the motions on August 30, 2012. The motions will be granted in part and denied in part.

The parties have resolved their discovery dispute concerning A-B's request for underwriting documents for the insurance policy at issue as well as the claims file for the Rhode Island fire. National Union has agreed to produce its files for the 1994-2003 policy, and A-B has agreed to produce corresponding documents regarding the procurement of that policy. With respect to A-B's request for underwriting documents for the 2003-2004 policy renewal, the parties have further agreed to meet to jointly review and identify those documents to be produced relating to the Retained Limits provision. With respect to any documents identified therein as protected by work product or attorney-client privilege, the party asserting the privilege

shall produce a privilege log. To the extent there are confidential materials in the underwriting and procurement files, or in the claims file, the parties have agreed that such materials shall be subject to a confidentiality agreement.

A-B's request for deposition of a National Union corporate designee regarding the requirement that A-B sign a release of defense costs incurred in *Maris* in connection with the 2005-2006 policy renewal is too remote in time and not reasonably calculated to lead to the discovery of admissible evidence. The Court will deny A-B's motion to compel in this regard.

With respect to A-B's request for the claims file in *Maris*, discovery shall be provided as it relates to the Retained Limits policy provision. To the extent National Union seeks to assert attorney-client or work product privilege, it shall produce a privilege log identifying the documents protected from disclosure.

Finally, the parties have agreed to meet and confer on rescheduling dates for depositions of National Union's representatives.

Accordingly,

**IT IS HEREBY ORDERED** that National Union's Motions for Protective Order [50, 52] are **GRANTED** in part and **DENIED** in part in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that A-B's Motion to Compel Discovery [54] is **GRANTED** in part and **DENIED** in part in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that National Union's Amended Motion for Protective Order [56] is **GRANTED** in part and **DENIED** in part in accordance with the terms of this Order.

Dated this 30th day of August, 2012.

　　　　　　　　　　　　　　　　　/s/ John A. Ross
　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　JOHN A. ROSS
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE